UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JACKLELINE PAGAN,

                                **ORDER ADOPTING REPORT**
                                **AND RECOMMENDATION**
                 Plaintiff,

  -against-                          13-CV-1846 (KAM)(LB)

AIRPORT, RACETRACK ALLIED WORKERS
JOINT BOARD LOCAL 37

                 Defendant.

----------------------------------------X

**MATSUMOTO, United States District Judge:**

       On April 2, 2013, *pro se* plaintiff Jackleline Pagan ("plaintiff") filed the instant action against Airport Racetrack Allied Workers Joint Board Local 37 ("defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*., and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (*See* ECF No. 1, Compl. filed 4/2/13.) On April 8, 2013, Magistrate Judge Lois Bloom granted plaintiff's motion to proceed *in forma pauperis* and directed the United States Marshals Service ("USMS") to serve the complaint on defendant. (ECF No. 4, Order dated 4/8/13.)

       On April 9, 2013, the clerk of this court issued summonses to defendant at two addresses, which were listed in exhibits to plaintiff's complaint. (ECF No. 5, Summons.) The

first summons, mailed to the defendant, was returned to this court unexecuted due to an incomplete address, the result of a clerical error. (ECF No. 9, Process Receipt and Return dated 6/20/13.) The second summons, mailed to the attorney who had helped plaintiff to file her administrative discrimination case, was returned by the attorney, who provided the name and address for defendant's attorney, Ms. Kristin Martin. (ECF No. 6, Letter from Percy M. Samuel, Esq. dated 4/23/13; *see also* Compl. at 6-7.) On July 29, 2013, the USMS served a copy of the summons on Ms. Martin, who successfully moved to quash the service of the summons and complaint, since she is not authorized to accept service for defendant. (ECF No. 10, Process Receipt and Return dated 8/2/13; ECF No. 11, Motion to Quash Service dated 8/20/13; ECF No. 12, Order Granting Motion to Quash Service dated 9/9/13.) In the declaration accompanying the motion, Ms. Martin indicated that defendant "went out of existence in approximately 2011." (ECF No. 11-2, Martin Decl. ¶ 4.)

In the September 9, 2013 order, Judge Bloom directed the USMS to serve a summons on Mr. Steve Papageorge, Vice President for the defendant, at the address listed in the attachments to plaintiff's complaint. (ECF Nos. 12, 13; *see* Compl. at 8.) This summons was returned to the court by the postal service as "unable to forward." (ECF No. 17, Process

Receipt and Return dated 1/13/14.)

On March 4, 2014, Judge Bloom ordered plaintiff to provide an address at which defendant could be served by March 21, 2014 "or [Judge Bloom] shall recommend that this case should be dismissed in accordance with Rule 4(m) of the Federal Rules of Civil Procedure." (ECF No. 18, Order dated 3/4/14.) Plaintiff never responded to the order, despite being served with Judge Bloom's March 4, 2014 order. (*See generally* Docket No. 13-CV-1846.)

On April 25, 2014, Judge Bloom issued a Report and Recommendation recommending that plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 4(m), which requires that a court dismiss a complaint without prejudice if a defendant is not served within 120 days from the date the complaint is filed. (ECF No. 19, Report and Recommendation dated 4/25/14 ("R&R").) The R&R concluded that the action should be dismissed because plaintiff had failed to provide an address where defendant can be served in her complaint and failed to respond to a court order to do so by a final deadline of March 21, 2014. (*See* R&R at 3.) The R&R recommended dismissal without prejudice in accordance with Rule 4(m), but noted that plaintiff's claims would likely now be time-barred by the applicable statutes of limitation. (*See* R&R

at 3.) The R&R also informed the parties that any objections to the report must be filed within fourteen days of receipt of the report. (*See* R&R at 3 (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2)).) Notice of the R&R was mailed to plaintiff on April 25, 2014. The statutory 14-day period for filing objections has expired and no objections, or requests for extensions of time to file objections, have been filed to date. (*See generally* Docket No. 13-CV-1846.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Bloom's well-reasoned and thorough Report and Recommendation, the court finds no clear error and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court. Accordingly, plaintiff's complaint is dismissed without

prejudice. The Clerk of the Court is respectfully directed to serve a copy of this order upon *pro se* plaintiff at her address of record on the docket, note service on the docket, and close this case.

**SO ORDERED.**

Dated:   July 28, 2014
         Brooklyn, New York

_____      /s/_____
Kiyo A. Matsumoto
United States District Judge
